FRANK CORDOVA, PROSECUTOR, v. FRANK ROMANO, RECORDER OF THE CITY OF HOBOKEN, RESPONDENT.

FRANK CORDOVA, PROSECUTOR, v. FRANK ROMANO, RECORDER OF THE CITY OF HOBOKEN, RESPONDENT.

Submitted October 5, 1937—Decided April 11, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the prosecutor, *Solomon & Miller* (*Abraham Miller*, of counsel).

For the respondent, no appearance.

PER CURIAM.

The writ of *certiorari* in this case was allowed to review two convictions of the prosecutor (hereinafter called the defendant) by the recorder of the city of Hoboken (affirmed by the Quarter Sessions Court) for alleged violations by the defendant of the provisions of "A supplement to an act concerning disorderly persons" (*Pamph. L.* 1936, *p.* 92), which reads:

"It shall be unlawful for any person or persons to solicit funds or a contribution of any kind, by mail, telephone or in person, whether in payment for tickets, admission, books, tokens, advertising or otherwise, for any organization of policemen, except that members of any such organization who are members of a police department in any municipality or county may personally solicit such funds or contributions in the municipality where they are employed, or in case of county police departments throughout the county where they are employed. Any person violating this provision shall be deemed and adjudged to be a disorderly person."

Among various reasons urged for setting aside such convictions, there is this: "It was error to permit Chief McFeely of the Hoboken police department to testify in both trials that the defendant had a police record."

It appears that in both of these proceedings it was immaterial and irrelevant to the issue presented as to whether the defendant had ever been convicted of crime, since his reputation was not in issue. In Case No. 1 the defendant did not take the stand at all, and in Case No. 2 when he did take the stand, he was not questioned as to whether he had ever been convicted of a crime. No record of any conviction was admitted or offered in either case, and as we have seen, there was no cross-examination, and hence no showing affecting credit as allowed by section 1 of the Evidence act.

Now in this situation we think the testimony of the chief of police as a part of the city's main case, taken after objection by the defendant, that the defendant "had a police record," was without legal warrant.

That this error in the admission of illegal testimony was prejudicial to the defendant is plainly indicated by the fact that the record shows in both cases that the trial judge relied in part upon such testimony in adjudging the defendant guilty.

The judgment in both cases will be reversed, with costs.